FILED
**Sep 03, 2021**
**12:04 PM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Jacqueline Hancock, | ) | **Docket No. 2020-06-1527** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | **State File No. 45480-2018** |
| | ) | |
| **Vanderbilt University Medical Center,** | ) | |
| **Self-Insured Employer.** | ) | **Judge Joshua Davis Baker** |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

The Court heard Vanderbilt's Motion for Summary Judgment on August 31, 2021, on whether Ms. Hancock's claim is barred by the statute of limitations. For the reasons below, the Court holds it is, and Vanderbilt is entitled to summary judgment.

### Claim History

Ms. Hancock alleged in her petition for benefit determination that she injured her shoulder while preventing a patient's fall. She reported the injury, and Vanderbilt authorized treatment at its occupational health clinic. The last payment for benefits occurred on August 1, 2018, per Vanderbilt's worker's compensation manager. Ms. Hancock filed a petition for benefit determination on October 12, 2020.

### Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2020).

As the moving party, Vanderbilt must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Ms. Hancock's claim, or (2) demonstrate that Ms. Hancock's evidence is insufficient to establish an essential

1

element of her claim. Tenn. Code Ann. § 20-16-101 (2020); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). If Vanderbilt does either or both of these things, Ms. Hancock must respond by producing specific facts showing a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06.

Vanderbilt argues the Court should grant summary judgment because it affirmatively negated an essential element of Ms. Hancock's claim—that she timely filed her petition. Tennessee Code Annotated section 50-6-203(b)(2) governs the time within which a petition must be filed when an employer has voluntarily provided benefits, as in this case. Specifically, within one year after the work accident, the right to compensation is forever barred unless a petition for benefit determination is filed within one year from the time the employer "ceased to make payments of compensation to or on behalf of the employee."

Here, the undisputed facts show that Vanderbilt last made a payment of benefits on August 1, 2018. Ms. Hancock filed her petition on October 20, 2020, well past one year after the date of the last payment of benefits. Vanderbilt negated an essential element of her claim, and it also demonstrated that her evidence is insufficient to establish an essential element of her claim. Therefore, Ms. Hancock must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in her favor[.]" *Rye,* at 265.

While Ms. Hancock filed a response that characterized several facts as disputed, none of these alleged disputed facts concerns the salient point of Vanderbilt's motion: Ms. Hancock did not file her claim within the statute of limitations. So, the disputed facts are immaterial to this Court's decision.

Here, the undisputed facts show that Ms. Hancock waited more than one year after Vanderbilt's last payment for treatment before filing her petition. The Court sympathizes with Ms. Hancock's circumstances, but it must abide by the time constraints within the Worker's Compensation Law. Therefore, the Court finds that Vanderbilt negated an essential element of Ms. Hancock's claim and proved her evidence is insufficient to establish she timely filed her claim. Vanderbilt's Motion for Summary Judgment is **granted,** and Ms. Hancock's claim is dismissed with prejudice.

Costs are taxed to Vanderbilt under Tennessee Compilation Rules and Regulations 0800-02-21-.07, to be paid within five days of this order becoming final. Vanderbilt shall prepare and submit the SD-2 within ten days of the date of this order. Unless appealed, this order shall become final in thirty days.

**ENTERED September 3, 2021.**

_____
**JUDGE JOSHUA DAVIS BAKER**
**Court of Workers' Compensation Claims**


## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on September 3, 2021.

| Name | Certified Mail | Email | Sent to |
|------|----------------|-------|---------|
| Jacqueline Hancock | X | X | 239-B Cleveland Ave. Lebanon, TN 37087 jacquelinehancock@ymail.com |
| Nate Cherry | | X | ncherry@howardtatelaw.com |

_____
Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____

*[Signature of appellant or attorney for appellant]*